mcclendon v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-223-CR

JEREMY RON MCCLENDON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain, Appellant pled guilty to felony assault and was placed on deferred adjudication community supervision; he was also assessed a fine as part of the bargain.  Later, the State moved to proceed with adjudication, alleging that Appellant had violated the terms of his community supervision.  Appellant pled true to the allegations that he had failed to pay the fine and court costs as well as the supervision fees and restitution.  The trial court found those allegations true, as well as the allegations, to which Appellant pled not true, that Appellant failed to complete community service hours, failed to pay for and complete a drug evaluation, failed to pay for and complete an anger management program, and failed to pay for and complete a domestic violence impact panel.  The trial court then revoked Appellant’s deferred adjudication community supervision, adjudicated him guilty, and sentenced him to six years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  

In his sixth issue, Appellant contends that the trial court erred by not sua sponte conducting a competency inquiry.  He contends that the Dallas probation officer’s testimony as well as his own triggered the need for the inquiry.  This testimony occurred before adjudication.  
Article 42.12, section 5(b) of the Texas Code of Criminal Procedure governs appeals from revocation of deferred adjudication community supervision.
(footnote: 2)  It provides that “[t]he 
defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge.  No appeal may be taken from this determination.“
(footnote: 3)  Consequently, Appellant is barred from raising this complaint on appeal.  We overrule Appellant’s sixth issue.

In his first five issues, Appellant complains that the trial court’s sentence of incarceration violates his rights to due process under the Fifth and Fourteenth Amendments of the United States Constitution, to equal protection under the Fourteenth Amendment, to due course of law under article I, section 19 of the Texas Constitution and article 1.04 of the Texas Code of Criminal Procedure, and to the right not to be imprisoned for debt under article I, section 18 of the Texas Constitution.  Appellant is attempting to backdoor complaints about his adjudication or revocation by presenting them as sentencing issues.  The gravamen of Appellant’s complaints is that “[a]ll violations the [trial] Court found to be true involved [his] inability to pay monetary fees, fines, costs of classes and transportation costs.”  Because Appellant’s complaints are poorly disguised challenges to the trial court’s decision to adjudicate, we overrule these five issues.
(footnote: 4)   

Having overruled all of Appellant’s issues, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F: DAUPHINOT, J., CAYCE, C.J., and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 16, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 42.12 § 5(b) (Vernon Supp. 2004-05). 

3:
Id.

4:
See id.